429 So.2d 1385 (1982)
STATE of Louisiana
v.
George TOMPKINS.
No. 82-KA-0061.
Supreme Court of Louisiana.
October 18, 1982.
On Rehearing April 4, 1983.
Rehearing Denied May 13, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Eddie Knoll, Dist. Atty., for plaintiff-appellee.
Donald R. Wilson, Gaharan & Wilson, Jena, for defendant-appellant.
*1386 DAVID R.M. WILLIAMS, Justice Pro Tem.[*]
Defendant George Tompkins was indicted by a grand jury for manslaughter in violation of La.R.S. 14:31. After trial by jury, defendant was found guilty as charged and was sentenced to serve fifteen years at hard labor. Defendant appealed his conviction and sentence to this court. We affirmed his conviction, but remanded the case to the trial court for resentencing because the trial court had not sufficiently articulated its reasons for imposing the fifteen-year sentence. State v. Tompkins, 403 So.2d 644 (La.1981). On remand, the trial court again sentenced defendant to serve fifteen years at hard labor. Defendant has appealed this sentence, urging that it is unconstitutionally excessive.
The following facts were adduced from the Pre-Sentence Investigation Report and testimony presented at the sentencing hearing. Defendant operated a lounge. Two patrons, Keller and Turner, began to fight. They stepped outside, but Turner returned to the lounge to get a pool cue; he claimed that Keller had a knife. Defendant went outside to confront Keller, taking a pistol with him. Witnesses to the incident testified that defendant told Keller three times to drop the knife and when Keller did not do so, he shot him. Defendant claimed that his gun accidentally discharged.
The defense argues that in light of the circumstances of the crime and defendant's personal background, a sentence of fifteen years at hard labor is clearly excessive. The maximum sentence which the court could have imposed is twenty-one years at hard labor. La.R.S. 14:31.
Defendant is forty-one years old. He has been married for eighteen years and has four children. One of his children has a birth defect and requires surgery. Defendant's retarded brother and five-year old niece also live with the family. He has no previous criminal record other than traffic violations. At the pre-sentencing hearing, the defendant and his wife testified to his personal and financial history and their present situation. The minister of the church of which defendant is a member and his present and previous employers all testified on his behalf.
At the sentencing hearing, the trial judge stated that he realized that prison was likely to cause a hardship on defendant and his family. He noted that although the victim had a knife, it was not raised and that defendant's action caused serious harm and that defendant must have contemplated that it would do so. The trial court reiterated the victim's last words: "You didn't have to shoot me, George L.; I'm sorry." The judge stated that there was no way for defendant to compensate the victim and that defendant was in need of custodial treatment. The court further stated that an incident such as the one for which defendant was convicted might occur again and any other sentence would deprecate the seriousness of the offense.
Excessive punishment is prohibited by Article 1, Section 20 of the Louisiana Constitution of 1974. A sentence that is within the statutory limits may nevertheless be unconstitutionally excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is nothing more than purposeless or needless imposition of pain and suffering. State v. Prados, 404 So.2d 925 (La.1981); State v. Guiden, 399 So.2d 194 (La.1981).
Article 894.1 of the Louisiana Code of Criminal Procedure requires that the trial judge fully articulate his reasons for imposing sentence. This enables us to competently review a sentence complained of as excessive. State v. Prados, supra; State v. Spencer, 374 So.2d 1195 (La.1979).
Because the record clearly shows the factual basis and individual considerations *1387 upon which the fifteen-year sentence was based, our review is limited to whether the trial court's discretion has been abused. State v. Cox, 369 So.2d 118 (La.1979). The trial judge has wide discretion in imposing sentences within the statutory limits and absent a manifest abuse of this discretion, the sentence imposed by the trial court should not be set aside on the ground of excessiveness. State v. Douglas, 389 So.2d 1263 (La.1980); State v. Jones, 381 So.2d 416 (La.1980); State v. Spencer, supra.
After reviewing the facts presented by the present case, we find no abuse of the trial court's discretion. Although the sentence is severe, it is not unconstitutionally excessive. As we stated in our earlier decision in this case: "[t]aking a human life without justification, even if provoked, is a very serious matter." State v. Tompkins, 403 So.2d at 650. Considering the circumstances of this case and the nature of the crime we find that the trial court did not impose an unconstitutional sentence.
For the foregoing reasons, the sentence imposed upon defendant is affirmed.
DIXON, C.J., respectfully dissents on this record the sentence is excessive.

ON REHEARING
BLANCHE, Justice.
A rehearing was granted in this case to reconsider the question of whether the defendant, George Tompkins, received an excessive sentence in violation of La. Const. art. 1, § 20.
Tompkins was convicted of manslaughter and sentenced to serve a prison term of fifteen years at hard labor. On appeal to this court, we affirmed the conviction, but vacated the sentence on the ground that the trial judge had failed to state for the record the factual basis for the imposition of the sentence as required by La.C.Cr.P. art. 894.1.[1] The case was remanded to the trial court for resentencing in accordance with that statute.
After a pre-sentence hearing on remand, the trial court again imposed a sentence of fifteen years at hard labor. The defendant appealed the sentence, and we affirmed upon a finding that the sentence was not unconstitutionally excessive. We granted this rehearing to re-examine the sentence.
Defendant operated the Blue Lite night club in Long Bridge, Louisiana. At approximately 12:10 a.m. on January 28, 1980, a fight erupted between two of the patrons, Terry Turner (age 15) and Frederick Keller (age 19). The defendant escorted the two outside, but several minutes later, Turner ran inside the club to get a pool stick, claiming that Keller was armed with a knife. At this point, the defendant stopped Turner, secured his pistol and went outside to confront Keller.
Once outside the club the defendant encountered Keller who was waiting for Turner. Two eyewitnesses testified that the defendant pointed his pistol at Keller, advised him three times to drop the knife and then shot Keller dead when he failed to heed his command. The defendant maintained that the pistol accidently discharged. All witnesses, including the defendant, testified that Keller held the knife at his side and never made any movements toward the defendant.
The pre-sentence report reveals that the defendant was forty years old at the time of the offense. For the past twenty years, he has resided in the Cottonport area. He has been married for over eighteen years and has four children, one of whom suffers from a birth defect. In addition, the defendant provides for a deserted five year old niece and a retarded brother. Since 1972, the defendant has been employed as a janitor at Cottonport Elementary School. Both the past and present principals of Cottonport Elementary testified at the pre-sentence hearing that the defendant was a *1388 dependable worker and well-liked by the students. The minister of the church of which the defendant is a member also testified on the defendant's behalf. Defendant's wife stated that the imprisonment of her husband would create financial difficulties for the family.
La. Const. art. 1, § 20 explicitly proscribes the imposition of excessive punishment. We have determined that a sentence constitutes excessive punishment if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Bourgeois, 406 So.2d 550 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence may be deemed unconstitutionally excessive even though it falls within the statutory limits. State v. Rogers, 405 So.2d 829 (La.1981); State v. Sepulvado, 367 So.2d 762 (La.1979).
The excessiveness of a sentence is a question of law which is reviewable under the appellate jurisdiction of this court. State v. Wimberly, 414 So.2d 666 (La.1982); State v. Kersey, 406 So.2d 555 (La.1981). Intertwined with our power to review individual sentences is the duty of the trial court under La.C.Cr.P. art. 894.1(C) to state for the record the reasons for sentence. When a trial court has complied with La.C. Cr.P. art. 894.1, we will then focus our review upon whether the trial judge has abused his large discretion. State v. Smack, 425 So.2d 737 (La.1983); State v. Sepulvado, 367 So.2d 762 (La.1979). We will consider, in light of the criteria expressed in La.C.Cr.P. art. 894.1, the circumstances of the crime, the character of the defendant and the trial court's reasons for sentencing. State v. Cox, 369 So.2d 118 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979); See State v. Green, 418 So.2d 609 (La.1982). We may also compare the defendant's punishment with the sentences imposed in other cases for similar offenses. See State v. Telsee, 425 So.2d 1251 (La. 1983); State v. Green, 418 So.2d 609 (La. 1982); State v. Trahan, 412 So.2d 1294 (La. 1982).
In the present case, the trial judge, on remand from this court, did comply with La.C.Cr.P. art. 894.1 by stating for the record the reasons and factual basis for his sentencing decision. Hence, we limit our inquiry to whether the trial judge abused his discretion by resentencing the defendant to fifteen years at hard labor.
Several of the mitigating factors found in La.C.Cr.P. art. 894.1(B) are present in this case and weigh in favor of the imposition of a lesser sentence.[2] The defendant is a forty year old man who has no criminal record. His imprisonment will entail excessive *1389 hardship to his family, for he supports several minor children as well as a retarded brother. Because of his character, his strong religious beliefs and his steady work history, it is unlikely that he will commit another crime. Furthermore, there is good reason to believe that the defendant, due to his stable background, would respond affirmatively to probationary treatment. However, the defendant's conduct did cause serious harm as it resulted in the death of a nineteen year old man. There is evidence that the defendant contemplated that his conduct would cause serious harm, for he armed himself with a pistol before he faced his victim. Moreover, according to the testimony of one eyewitness, he cocked the pistol and pointed it at the victim before he shot him. The facts also tend to support the trial judge's conclusion that the defendant did not act under strong provocation and that the victim's conduct did not induce the killing. The record indicates that although the fight began in the defendant's night club, the defendant himself was not a participant. No angry remarks were ever exchanged between the defendant and the victim. The victim did hold a knife during the confrontation, but he never made any threatening moves toward the defendant. The fact that the victim failed to respond to the defendant's demand to drop the knife was hardly a substantial ground to excuse or justify the killing. In fact, the victim stated before he died, "you didn't have to shoot me, George L.; I'm sorry."
To be weighed against the mitigating factors set forth in art. 894.1(B) are the criteria listed in art. 894.1(A) which indicate that imprisonment is appropriate. That subsection provides:
When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
In sentencing the defendant, the trial court found all three of the aggravating circumstances to exist in this case. The record tends to support the judge's conclusions that the defendant is in need of correctional treatment and that a lesser sentence will deprecate the seriousness of the crime. The defendant took the life of a nineteen year old man with little provocation. Such a needless killing warrants serious punishment. The evidence presented does not support, however, the trial court's conclusion that the defendant will commit another crime during the period of a suspended sentence or probation. The defendant has no previous criminal convictions or history of criminal behavior.
In three recent decisions, this court has affirmed sentences of twelve or more years for manslaughter. Each of these cases arguably involved less aggravated circumstances than the case at bar. In State v. Roussel, 424 So.2d 226 (La.1982), the defendant was convicted of manslaughter and sentenced to twenty-one years at hard labor. During an emotional confrontation with his wife and members of her family, the defendant shot and killed his wife. The defendant testified that the "noise and hostility" from his wife's family caused him to tighten the grip on the pistol he held in his pocket. He stated that he did not remember the shooting. Several witnesses testified that the defendant subsequently attempted to shoot another family member, but his gun jammed. The defendant was twenty-one years old with positive references from the community, a steady employment record, and no previous criminal convictions. In view of the absence of strong provocation for the killing and the fact that the defendant may have inflicted *1390 harm on another person if his gun had not jammed, we held that imposition of the twenty-one year sentence was not an abuse of the trial judge's discretion.
In State v. Allen, 416 So.2d 553 (La.1980), the defendant was found guilty of manslaughter and sentenced to twelve years at hard labor. The defendant shot McCarroll on the street after the latter called him a bad name and "whirled" toward him. The defendant testified that he thought McCarroll was going to shoot him. Four and one-half years prior to the shooting, McCarroll had shot the defendant and left him for dead. The defendant cared for his ill father. Numerous petitions were received from members of the community requesting that the defendant be given a suspended sentence. In imposing sentence, the trial judge felt that a suspended sentence might be construed by others as an open invitation to take the law into their own hands to revenge crimes committed upon them or their loved ones. We found that the twelve year sentence was not excessive.
In State v. McMahon, 391 So.2d 1120 (La. 1980), the defendant was convicted of manslaughter and sentenced to fifteen years at hard labor. The defendant shot her husband when left alone with him in their bedroom several minutes after they had exchanged words. Several guests who heard the shot rushed into the bedroom to find the victim slumped across the bed. The defendant was standing in the room with a gun in her hand. One guest approached the defendant to recover the gun, but she warned him to stay back or she would shoot him. Nevertheless, the guest was able to approach the defendant and take the weapon from her. At the sentencing hearing, three witnesses who had employed the defendant testified that they had complete trust in her, and they had no reason to believe that she had a violent temper. The defendant did not have a history of criminal behavior. We concluded that the sentence imposed was not unconstitutionally excessive.
The trial judge, in our present case, carefully weighed the aggravating and mitigating circumstances before making his sentencing decision. In imposing sentence, he stated that he realized that imprisonment would entail hardship to the defendant and his family. The judge also noted that he considered the fact that the defendant had a good name in the community and in his church. Nevertheless, the trial judge felt that a fifteen year sentence was appropriate in view of the circumstances of this case. We are unable to say that the trial judge abused his wide discretion in imposing this sentence. The killing of Frederick Keller was senseless and with little provocation. The penalty imposed is not so disproportionate to the crime as to shock our sense of justice. Therefore, we do not find the defendant's sentence to be unconstitutionally excessive.

DECREE
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.
DIXON, C.J., dissents.
NOTES
[*] Judges David R.M. Williams, Charles R. Ward and William H. Byrnes, III of the Court of Appeal, Fourth Circuit, participated in this opinion as Associate Justices Pro Tempore with Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] 403 So.2d 644 (La.1981).
[2] La.C.Cr.P. art. 894.1(B) provides:

B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.