432 So.2d 243 (1983)
STATE of Louisiana
v.
Princess FINLEY and Cynthia Marie Thomas.
No. 82-KA-0834.
Supreme Court of Louisiana.
May 23, 1983.
*244 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, Jr., Dist. Atty., Robert Brinkman, Asst. Dist. Atty., for plaintiff-appellee.
David L. Carriere, G. Douglas Dean, Dean, Lomenick & Seeman, Opelousas, for defendants-appellants.
BLANCHE, Justice.
Princess Finley and Cynthia Thomas were charged by bill of information with aggravated arson, a violation of LSA-R.S. 14:51. Both defendants withdrew their initial pleas of not guilty and entered pleas of guilty to the reduced charge of simple arson with damages amounting to less than five hundred dollars. LSA-R.S. 14:52. After determining that the pleas were made voluntarily with an understanding of the nature of the charge, the trial judge accepted the guilty pleas. Following a presentence investigation, each defendant was sentenced to serve five years in the parish jail, with one year suspended, and to serve two years of active supervised probation upon release. On appeal, the defendants argue that the trial court erred in imposing excessive sentences which were not adequately supported by the trial court's statement of sentencing reasons. See La. Const. art. 1, § 20; La.C.Cr.P. art. 894.1.
On December 3, 1980, defendants Thomas and Finley, eighteen and nineteen years of age, respectively, were attending classes at the Eunice Vocational-Technical School. During midmorning recess, the girls met some friends in a restroom to smoke cigarettes. When it became time for the girls to return to class, one of the girls suggested that they set fire to a box of tissue paper. Finley agreed to the suggestion and gave Thomas a cigarette lighter and a handful of tissue paper with which to start a fire. Thomas attempted to ignite the paper, but could not get the lighter to work. Finley returned to class while Thomas continued her efforts. Eventually, Thomas succeeded in lighting the paper and dropped the burning tissue into the box. She then returned to class. As the box of tissue paper burned, it ignited cleaning fluids stored on a nearby shelf, which caused a rapidly spreading chemical fire. Although no one was injured seriously, property damage was extensive, exceeding $386,000. The defendants asserted that the incident was conceived by them only as a "prank" intended to disrupt afternoon classes.
Article I, § 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. Accordingly, this court has recognized that "the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment that is enforceable by this court on appellate review of his conviction." State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence may be unconstitutionally excessive when it makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering, or where it is grossly out of proportion to the severity of the crime. State v. Tompkins, 429 So.2d 1385 (La.1983); State *245 v. Telsee, 425 So.2d 1251 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980). La.C. Cr.P. art. 894.1 provides the appropriate criteria by which an appellate court may measure whether a sentence within the statutory limits is excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives. State v. Green, 418 So.2d 609 (La.1982); State v. Sepulvado, supra.
Where the trial court, as in this case, has complied with art. 894.1 by stating the individual considerations and factual basis for imposing sentence, appellate review will focus on whether the trial judge has abused his great sentencing discretion. State v. Tompkins, supra; State v. Smack, 425 So.2d 737 (La.1983). Three factors, examined in light of the criteria provided in art. 894.1, are essential considerations in any review for an abuse of the trial court's discretion: (1) the nature of the crime, (2) the nature and background of the offender, and (3) the sentences imposed for similar crimes by the same court and other courts. State v. Telsee, supra; see also State v. Guajardo, 428 So.2d 468 (La.1983); State v. Tompkins, supra.
Based on our review of these factors in light of the facts of the instant case, we are of the opinion that the sentences imposed on defendants Finley and Thomas are not unconstitutionally excessive.
While we recognize that there are factors present in this case which mitigate against incarceration, there are overriding factors which militate in favor of the sentences imposed by the trial court. Our review of the sentencing colloquy has revealed that the trial judge gave adequate consideration to all of the sentencing factors set out in art. 894.1. A presentence investigation was ordered, and the trial judge explained in detail his decision to impose a near-maximum sentence. He noted the defendants' youth, their first offender status, and Finley's support obligation to her infant son. The judge gave further consideration to the improbability that the defendants would engage in further criminal activity and to the likelihood that probationary treatment would prove beneficial.
On the other hand, we must agree with the trial judge that the conduct of the defendants brought about consequences of a most serious nature. Their actions could have foreseeably caused death or injury to all of the occupants of the building, which included many of their friends. The conflagration, sought now to be dismissed as a school-time "prank," endangered the lives of forty-five to fifty persons and damaged, at taxpayer expense, a public school building to the tune of $386,000. Such a senseless destruction of property and its attendant threat to human life is a matter of grave concern to the populace of this state. Light treatment of these offenders would deprecate the seriousness of this offense and undermine the integrity of the judicial system.
We note in further support of the sentences imposed by the trial judge that the defendants have already received substantial sentencing benefit from their plea bargain with the state, which reduced the charges from aggravated arson to simple arson, thereby reducing their sentencing exposure to a maximum of five years from a maximum of twenty-five years. Moreover, the defendants have been benefitted considerably by the trial judge's order that they serve their time in the parish jail rather than at hard labor under the Department of Corrections.
Accordingly, we find no abuse of discretion on the part of the trial court in imposing sentences of five years in the parish jail, with one year suspended. State v. Tompkins, supra.

DECREE
For these reasons, the sentences of the defendants, Princess Finley and Cynthia Thomas, are affirmed.
AFFIRMED.
DENNIS, J., concurs in part, dissents in part and assigns reasons.
*246 DENNIS, Justice, concurring in part and dissenting in part.
I agree with the majority that the record fully justifies the trial judge's decision to impose a sentence of imprisonment, but I think that a near maximum term of four years in jail for these 18 and 19 year old females (one of whom is a mother of a six month old child), who have no criminal records is an excessive amount of incarceration. Compare State v. Green, 418 So.2d 609 (La.1982) in which a 27 year old female first offender mother of a nine year old child was given only three years of incarceration for her two convictions of negligent homicide which resulted in the deaths of two high school students.