KNOLL, Judge.
Defendant, David Wess Steele, was initially indicted for second-degree murder. Pursuant to a plea bargain, defendant pleaded guilty to manslaughter, a violation of LSA-R.S. 14:31. The sentencing court imposed a sentence of fifteen (15) years at hard labor. Defendant appeals contending that his sentence is constitutionally excessive. We affirm.
During the afternoon of July 5, 1985, defendant and the victim, Larry Dale Hoover, were boiling crawfish at Buck’s Place, a lounge in Ferriday. Defendant and the victim were drinking beer and tequila. On at least two occasions during this time, defendant and the victim fought and had to be physically separated. Later, defendant went to his car to change clothes, where the victim pushed him into the open car door. Defendant took a pistol from an open suitcase in his car and began shooting at the victim as he ran between parked cars. The victim called out the number of shots as defendant fired at him. The fifth shot struck the victim in the lower back, resulting in his death.
Manslaughter is punishable by imprisonment at hard labor for not more than twenty-one years. Defendant’s sentence of fifteen years falls within the statutory limits. However, even a sentence which falls within the statutory limits may violate defendant’s right against excessive punishment. LSA-Const. Art. 1, Sec. 20; State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence is deemed excessive if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Calloway, 432 So.2d 1064 (La.App.3rd Cir.1983). In determining whether a penalty is grossly disproportionate, the sentencing court must consider the punishment and the crime in light pf the harm to society caused by its commission, and determine whether the pénalty is so disproportionate to the crime committed as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). As an additional factor the plea bargain should be considered in determining whether the sentence is excessive. State v. Smack, 425 So.2d 737 (La.1983).
The sentencing court’s reasons for imposition of sentence are an important aid when we review a sentence for exces-siveness. State v. Bourgeois, 406 So.2d 550 (La.1981). LSA-C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive. State v. Sepulvado, supra. Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983). Where the record clearly illuminates the sentencing choice, a reviewing court should not disturb the sentence. State v. Smith, 430 So.2d 31 (La.1983).
Defendant contends that his sentence is excessive because the trial court found that: (1) it was not likely that defendant would commit another crime during a period of probation or suspension of sentence; (2) defendant was not in need of correctional treatment or a custodial environment; and (3) other mitigating factors militated against his incarceration, e.g.: defendant acted under strong provocation; there were grounds tending to excuse or justify defendant’s conduct; defendant, with minor exceptions, was a law-abiding citizen; and incarceration would entail excessive hardship to defendant and his family.
The sentencing colloquy makes it abundantly clear that the sentencing court considered the mitigating factors, but none *375 theless concluded that a lesser sentence would deprecate the seriousness of defendant’s crime. Despite the presence of mitigating factors, the record fully supports and illuminates the sentencing choice. Defendant took the life of a man who was considered defendant’s good friend. The victim was retreating when defendant fired five shots at the victim; the last shot struck the victim in the lower back, causing him to die from loss of blood. The sentencing court also noted that the salient fact of the current offense, i.e., carrying a gun in a bar, was also present in defendant’s prior adult criminal record which showed that defendant was arrested (but not charged) with aggravated battery/unlawful discharge of a firearm at a bar in the Houma city limits. Furthermore, the trial court considered that defendant was originally indicted for second-degree murder and, if found guilty, would have been sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
Under the circumstances of this case, we find the sentence imposed is not so disproportionate to the crime committed as to shock our sense of justice. See State v. Tompkins, 429 So.2d 1385 (La.1983) (On rehearing); State v. Roussel, 424 So.2d 226 (La.1982); State v. Allen, 416 So.2d 553 (La.1982); and State v. McMahon, 391 So.2d 1120 (La.1980). Therefore we conclude that defendant’s sentence is not constitutionally excessive.
For the foregoing reasons defendant’s sentence is affirmed.
AFFIRMED.