502 So.2d 130 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joseph Michael LEMELLE, Defendant-Appellant.
No. CR86-920.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
*131 Howard De Jean, Opelousas, for defendant-appellant.
Morgan Goudeau, Dist. Atty., Opelousas, for plaintiff-appellee.
Before DOUCET, LABORDE and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether or not the sentence imposed on the defendant is excessive.
Joseph Michael Lemelle (hereinafter defendant) was charged by bill of information with simple arson where the damages were over $500.00, a violation of La.R.S. 14:52. Defendant initially entered a plea of not guilty. Thereafter, defendant withdrew his not guilty plea and entered a plea of guilty to simple arson where the damages were less than $500.00. The trial court accepted defendant's guilty plea and ordered a pre-sentence investigation and report. After reviewing the pre-sentence report and after holding a sentencing hearing, the trial court sentenced defendant to the custody of the Louisiana Department of Corrections to serve a sentence of four years at hard labor. Defendant appeals his sentence alleging that the sentence is excessive. We affirm.

FACTS
Defendant was incarcerated in the Sunset City Jail in St. Landry Parish, Louisiana on a misdemeanor charge for disturbing the peace. While in jail, defendant set fire to the mattress in his cell, causing over $500.00 in damages. Defendant admitted that he set the fire because the police did not allow him to make a telephone call and would not give him his medication.
Defendant was originally arrested for aggravated arson but the State only charged him with simple arson where the damages were over $500.00. Defendant later entered a plea of guilty to simple arson where the damages were less than $500.00.

EXCESSIVENESS OF SENTENCE
Defendant argues that the trial court erred in sentencing him to serve a term of four years at hard labor as this sentence is excessive and constitutes cruel and unusual punishment. Defendant argues that he has received virtually the same sentence for his offense that others have received for more egregious violations of the statute. He also argues that the trial court placed undue emphasis on circumstances surrounding the present charge and a prior offense. Defendant also asserts that the court did not adequately consider the mitigating factors in his favor prior to sentencing.
Defendant pled guilty to simple arson where the damage is less than $500.00, a violation of LSA-R.S. 14:52(C). The maximum sentence that could have been imposed on defendant was imprisonment with or without hard labor for not more than five years and a fine of not more than $2,500.00. The four year sentence imposed on defendant is within the statutory limit for sentencing. However, even a sentence which falls within the statutory limits may violate a defendant's right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
State v. Sepulvado, 367 So.2d 762 (La. 1979).
The appellate standard of determining whether a sentence is unconstitutionally excessive has been articulated by this court as follows:
"[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider `the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty *132 is so disproportionate to the crime committed as to shock our sense of justice.' Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982)." State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3 Cir.1983), writ den., 433 So.2d 166 (La.1983).
See also, State v. Miller, 495 So.2d 422 (La.App. 3 Cir.1986).
Defendant asserts that his sentence is excessive since the term he received was comparable to that reserved for the most egregious of offenders, citing State v. Finley, 432 So.2d 243 (La.1983). Under the sentencing guidelines set forth in LSA-C. Cr.P. Art. 894.1, a sentence must be individualized to the defendant. State v. Day, 414 So.2d 349 (La.1982). Thus, defendant cannot compare his sentence to that received by the defendants in Finley since each defendant's sentence must be particularized according to the circumstances of his case.
Defendant also asserts that the court placed undue emphasis on the circumstances surrounding the present charge and defendant's prior conviction for simple battery. In his reasons for sentencing, the trial judge emphasized that the crime with which defendant was charged was very serious, as it was reduced from aggravated arson, since there was a possibility of danger to others. The judge also referred to defendant's prior conviction by a plea of guilty to simple battery, which had been reduced from a charge of attempted murder and then later to aggravated battery, as being "something more than just a simple battery."
A trial court may consider a plea bargain by a defendant, State v. Lanclos, 419 So.2d 475 (La.1982), and a trial court may also consider criminal activity not leading to a conviction, State v. Brown, 410 So.2d 1043 (La.1982). Therefore the trial judge could properly consider the defendant's plea to a charge of simple battery, reduced from a more serious charge, and the circumstances of the crime resulting from this earlier conviction of defendant.
The sentencing court is charged with viewing every circumstance surrounding the offense committed, and should impose a sentence fitting the defendant's conduct. Even though the defendant pleads guilty to a lesser charge, it is not improper for the sentencing court to consider the defendant's actual conduct. State v. Myers, 495 So.2d 411 (La.App. 3 Cir.1986). Therefore, it was not improper for the trial judge to consider the circumstances surrounding defendant's offense in imposing sentence.
Defendant finally contends that the trial court did not adequately consider the mitigating factors in his favor when imposing the sentence. The guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. House, 476 So.2d 908 (La.App. 2 Cir.1985). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Dew, 495 So.2d 418 (La.App. 3 Cir.1986); State v. Steele, 495 So.2d 373 (La.App. 3 Cir.1986).
In his reasons for sentencing, the trial judge referred to each of the grounds listed under LSA-C.Cr.P. Art. 894.1 in reaching his decision. He summarized the case as follows:
"Consequently, the court has before it a 26 year old black male who plead [sic] guilty to the crime of simple arson where the damage was under $500. This crime is punishable by a sentence of up to five years with or without hard labor and a fine of $2500. The actual damage in this case was over $600 which that crime provides for a sentence of up to two to fifteen years at hard labor and a fine of up to $15,000.00. Just by billing him the district attorney has minimized his sentence *133 considerably. In addition to that they could have billed him with aggravated arson which would have made it a lot more severe crime. That crime provides for a sentence of not less than six nor more than 25 years at hard labor and a $25,000.00 fine. The first two years there's no parole or probation or suspension of sentence. I'm satisfied that factually there was enough to have prosecuted him for a more severe crime. The district attorney was good to him by letting him plead to the lesser of the three felony arson type crimes. I think the penalty imposed in this case should be one that would be consistant [sic] with the type of conduct as opposed to the type of crime charged. He has a history of emotional and alcohol problems and he has been treated for both and is being treated at the Mental Health Clinic or was at the time that he was incarcerated. He's receiving an SSI check because of the mental disability. As I understand it, his nervouse [sic] condition prevents him from working. He has a limited education, no dependants [sic] and has not been gainfully employed in the recent past. The crime as committed is very serious because danger of widespread property damage and also the danger to human life. He has exhibited his continuing dislike for jails and incarceration by causing damage to the St. Landry Parish jail after his incarceration for the crime to which he is now pleading. As I stated before, he flooded the jail by using sheets and when they took the sheets away he stuck his head in the toilet and flushed it. And there was some damage caused to that jail and up until now there has been no charges filed against him in those incidents, but there may be. His only one prior conviction which was an attempted murder or aggravated battery that was reduced to a simple battery ...
* * * * * *
[i]t was also a crime of violence. I'm of the opinion that a sentence of 4 years at hard labor should be imposed in this case particularly since the potential sentence was minimized from 25 years or even more down to five years."
The record reflects that the trial judge thoroughly considered the aggravating and mitigating factors in imposing sentence on defendant. When the guidelines of LSA-C.Cr.P. Art. 894.1 are followed, a sentence should not be set aside as excessive in the absence of an abuse of the trial court's wide sentencing discretion. State v. Dennard, 482 So.2d 1067 (La.App. 3 Cir.1986); State v. Williams, 446 So.2d 565 (La.App. 3 Cir.1984). There appears to be no abuse of discretion on the part of the sentencing judge. We therefore conclude that this assignment of error is without merit.
For the foregoing reasons, defendant's sentence is affirmed.
AFFIRMED.