PLOTKIN, Judge,
dissenting.
I respectfully dissent.
For the following reasons, I consider the imposition of the maximum sentence of twenty years at hard labor, the first two years to be served without benefit of parole, probation or suspension, to a first offender, excessive.
The majority correctly affirms defendant’s guilt of aggravated arson.
*136 The Louisiana Constitution article I, section 20 prohibits the imposition of excessive punishment. Although trial judges are vested with wide discretion in imposing sentences, the discretion is not unbridled. State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982), appeal after remand 446 So.2d 1210 (La.1984). This is especially true when dealing with maximum sentences, which are particularly suspect because they are reserved for the most serious violation of the charged offense and the worst kind of offender. State v. Santee, 464 So.2d 922, 926 (La.App. 4th Cir.1985). Maximum sentences can only be justified in cases classified as “extreme” by the factual circumstances of the offense and apparent dangerous proclivities of the defendant. State v. Ransome, 441 So.2d 425, 428 (La.App. 2d Cir.1983).
When, as here, the trial judge has complied with La.C.Cr.P. art. 894.1 by stating the individual considerations and factual bases for his sentence, appellate review is limited to consideration of whether the judge abused his great discretion. State v. Finley, 432 So.2d 243, 245 (La.1983). The following factors are to be considered in determining whether the trial judge abused his great discretion: (1) nature of the crime, (2) nature and background of offender and (3) sentences imposed for similar crimes by the same court and other courts. Id.
The defendant in the instant case is a first offender. Although the sentencing transcript reveals that the trial judge considered a number of circumstances as aggravating, he makes no mention of this obvious mitigating circumstance.
Perhaps more important, the 20-year maximum sentence imposed on this defendant is far out of proportion to sentences imposed on other persons convicted of arson in this state. The longest sentence for arson chronicled in the caselaw is a 15-year sentence in State v. Simmons, 443 So.2d 512 (La.1983), where the defendant set fire to an Amvets hall where between 75 and 125 people were playing bingo. Other sentences imposed for cases in which the circumstances of the crime were at least as egregious as the circumstances of the crime in this case follow: State v. Washington, 421 So.2d 887 (La.1982), ten-year sentence imposed on defendant who was a third offender and set fire to the jail where he was incarcerated; State v. Barnes, 495 So.2d 310 (La.App. 4th Cir.1986), seven-year sentence imposed on defendant who set fire to his ex-girlfriend’s house; State v. Williams, 457 So.2d 610 (La.1984), six and two-thirds year sentence imposed on second offender defendant who set fire to the hotel where his ex-girlfriend worked, and State v. Finley, 432 So.2d 243 (La.1983), five-year sentence imposed on first-offender defendants who set fire to a box of tissues in the bathroom of a vocational training school where 45 to 50 people were.
Because the defendant is a first offender and the sentence imposed is greatly disproportionate to the sentences imposed in other similar cases, I would reduce the sentence imposed on the defendant in the instant case.