526 So.2d 322 (1988)
STATE of Louisiana
v.
James E. QUINN.
No. KA-8953.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for plaintiff.
Sherry Watters, OIDP, New Orleans, for defendant.
Before GULOTTA, C.J., and KLEES and WILLIAMS, JJ.
GULOTTA, Chief Judge.
James E. Quinn was convicted of second degree murder, LSA-R.S. 14:30.1, and was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. In his sole assignment of error, he contends that the evidence is sufficient *323 only to convict him of manslaughter.[1]
Quinn argues that mitigating factors established at trial clearly show that he committed the offense in a "sudden passion" or "heat of blood"[2] caused by provocation sufficient to have deprived an average person of self-control. We disagree.
Manslaughter is a homicide that would be either first or second degree murder, except that the offense was committed in "sudden passion" or "heat of blood" caused by provocation sufficient to deprive an average person of his self control and cool reflection. LSA-R.S. 14:31(1). State v. Lombard, 486 So.2d 106 (La.1986), appeal after remand, 501 So.2d 889 (La.App. 5th Cir.1987), writ denied 506 So.2d 504 (La.1987). "Heat of blood" and "sudden passion" are not elements of the offense of manslaughter, but are mitigating circumstances that may reduce the grade of homicide. State v. Tompkins, 403 So.2d 644 (La.1981), appeal after remand, 429 So.2d 1385 (La.1982). A defendant who establishes by a preponderance of the evidence that he acted in "sudden passion" or "heat of blood" is therefore entitled to a verdict of manslaughter, and a second degree murder verdict is inappropriate. State v. Lombard, supra.
The evidence established that the victim was defendant's common-law wife. When she received a telephone call from a man whom the defendant believed to be her lover, the defendant grabbed the telephone from the woman, exchanged words with the man on the line, hung up, and began beating the victim. Although defendant's sister tried to stop him, Quinn continued to brutally and violently beat the screaming woman. When the sister tried to call for help, defendant pulled the telephone cord out of the wall. Shortly thereafter, defendant's brother arrived and told him to "calm down". Quinn told his brother that he had "lost his head" and related that he knew he had done something wrong and would have "to pay for what he did". The investigating officer testified that Quinn told him at the scene, "She's in here. I lost my head. I started beating her." The officer then went inside and found the victim lying facedown in a pool of blood. A pathologist, who had performed an autopsy on the victim, testified that death was caused by "multiple blunt injuries to the head".
In this case, the only evidence indicating "sudden passion" or "heat of blood" is defendant's statement to his brother and to the police officer that he "lost his head." Nevertheless, the defendant's brutal attack on the victim was in response to a telephone call, which even if made by a suspected lover, was insufficient provocation to deprive a reasonable man of self control to the point that he would commit homicide. Furthermore, while an average person's blood would have cooled under the circumstances, defendant repeatedly beat the victim despite her screams, and ripped the telephone out of the wall when his sister attempted to intercede. Viewing the evidence in the light most favorable to the prosecution, we conclude that the jury could have reasonably found that defendant was guilty of second degree murder.
In so holding, we distinguish State v. Lombard, supra, cited by defendant. In Lombard, which involved a fight between two teenaged males, the victim punched the defendant, threw him against a metal rail, knocked him to the ground, and held him in a stranglehold before the defendant, in a panic, pulled a knife and stabbed the combative victim twice. The Supreme Court in Lombard reduced the second degree murder conviction to manslaughter, reasoning that such sudden provocation would have deprived a reasonable man of self control. *324 In the instant case, unlike the defendant in Lombard, Quinn severely and repeatedly beat a helpless female victim as the result of a telephone call that was not sufficiently provocative to deprive an average person of self-control.
Accordingly, defendant's assignment of error is without merit. The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] We have additionally reviewed the record for errors patent and have found none.
[2] A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed;...