BARRY, Judge.
The defendant was convicted of possession of cocaine with intent to distribute, La.R.S. 40:967, and sentenced to ten years at hard labor with credit for time served. The defendant argues that the jury instruction on reasonable doubt was improper and that his sentence is excessive.
Officer Mercadel testified that on April 17, 1990 about 8:20 p.m. he drove a white pickup truck in a high drug area one block north of St. Claude Ave. The defendant waived his hand at the intersection, a known way to stop a drug purchaser. Officer Mercadel stopped and the defendant asked him whether he needed “a 10 or a 20”? The officer responded that he wanted a $20 piece of crack cocaine. The defendant reached into his waistband and removed a brown piece of paper, unrolled the paper and removed one rock-like piece in a *914 gray-colored plastic bag. Officer Mercadel took the bag and gave the defendant two $10 bills. The defendant placed the money in his right front pocket and the brown bag with the plastic packets into the back of his underwear.
Officer Mercadel examined the packet, put it into his top shirt pocket, exited his vehicle, identified himself as a police officer, and advised the defendant he was under arrest for distribution of crack cocaine. Officer Mercadel conducted a pat down for a weapon, secured the defendant, and radioed Officer Martin, his partner.
Officer Martin testified he was working with Officer Mercadel on a “drug sting.” He was in plainclothes in an unmarked police car. Officer Mercadel called him to the scene and told Officer Martin that the defendant sold him cocaine and placed other drugs in the rear of his underwear. Officer Martin searched the defendant and retrieved a brown paper bag. Inside the bag were two small plastic packets of what appeared to be crack cocaine. The defendant had two ten dollar bills in his right front pocket. The officers transported the defendant and the drugs to Central Lockup.
Officer Martin identified the paper bag, the two packets of cocaine and two $10 bills. Officer Mercadel stated the defendant sold him cocaine and he identified the brown paper and three plastic bags.
It was stipulated that Officer Krone, an expert in controlled dangerous substances, would have testified that the packets tested positive for cocaine as noted in his report which is in evidence.
JURY CHARGE
The defendant argues that the following charge as to reasonable doubt is improper:
Now, when we talk about reasonable doubt, we are talking about actual doubt, we are talking about a doubt that is based upon reason. It must be substantial rather than speculative. It must be something that would cause a reasonable person to hesitate to act the important affairs of one’s life. A reasonable doubt is an actual doubt, it is a serious doubt for which you could give a good reason. A reasonable doubt is one based upon reason and common sense and I charge you that a defendant is never to be convicted on a suspicion or conjecture. If you entertain any reasonable doubt as to any fact or element that is necessary to constitute the defendant’s guilty [sic] it is your sworn duty to give him the benefit of that doubt and acquit him. On the other hand, if you find from the evidence in the case that the state has proven the defendant’s guilt beyond a reasonable doubt, you are required by law to return a verdict against him.
The defendant objected to the instruction and relies on Cage v. Louisiana, — U.S. -, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) in which the jury instruction on reasonable doubt violated the due process clause of the Fourteenth Amendment. The improper instruction was:
If you entertain a reasonable doubt as to any fact or element necessary to constitute the defendant’s guilt, it is your duty to give him the benefit of that doubt and return a verdict of not guilty. Even where the evidence demonstrates a probability of guilt, if it does not establish such guilt beyond a reasonable doubt, you must acquit the accused. This doubt, however, must be a reasonable one; that is one that is founded upon a real tangible substantial basis and not upon mere caprice and conjecture. IT MUST BE SUCH DOUBT AS WOULD GIVE RISE TO A GRAVE UNCERTAINTY, raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. IT IS AN ACTUAL SUBSTANTIAL DOUBT. It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a MORAL CERTAINTY. (Emphasis by U.S. Supreme Court).
Ill S.Ct. at 329.
On remand, the Louisiana Supreme Court found the jury instruction was harmless error under the analysis adopted in Chapman v. California, 386 U.S. 18, 87 *915 S.Ct. 824, 17 L.Ed.2d 705 (1967). State v. Cage, 583 So.2d 1125 (La.1991), cert. denied — U.S. -, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991).
The jury charge here defines reasonable doubt as “based upon reason,” “substantial rather than speculative,” a “serious doubt for which you could give a reason.” It is “based upon reason and commonsense.” The problem language in Cage, “doubt as would give rise to a grave uncertainty” and “a moral certainty,” are not in the subject instruction. However, this jury charge does state: “A reasonable doubt is an actual doubt.” In Cage the Supreme Court questioned the language “an actual substantial doubt.” We are satisfied thát the subject instruction is distinguishable from Cage.
However, if the instruction was error under Cage, then the overwhelming evidence of guilt makes that error harmless.
Officer Mercadel testified that the defendant sold a $20 rock of cocaine and he watched the defendant place the money in his right front pocket and the remaining cocaine in his underwear. Officer Martin testified that he was called to the scene, told of the contraband and money, searched the defendant, and found the money and cocaine.
The jury had sufficient evidence to find the defendant guilty beyond a reasonable doubt. We are convinced the instruction, if erroneous, did not contribute to the defendant’s conviction and is harmless.
This argument lacks merit.
EXCESSIVE SENTENCE
The defendant argues that the ten year sentence is excessive because he was 17 years old, the sale involved $20 worth of cocaine, and he had a small amount of money and cocaine. We note that the sentence is well within the five nor more than thirty years at hard labor authorized by La.R.S. 40:967.
La.C.Cr.P. art. 894.1 requires that the trial judge articulate reasons for the sentence which enable the reviewing court to consider whether a sentence is excessive. State v. Tompkins, 429 So.2d 1385 (La.1982) (on rehearing). The record must reflect that the trial court adequately considered the guidelines in particularizing the sentence. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982).
The trial court did not state a basis for the sentence. The court only stated that the defendant had been found guilty of distribution of cocaine. The State concedes that the trial court did not articulate any reasons for sentencing pursuant to La. C.Cr.P. art. 894.1.
We have reviewed the record for errors patent and there are none.
CONCLUSION
The conviction is affirmed. The sentence is vacated and the matter remanded for resentencing in compliance with La.C.Cr.P. art. 894.1.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.