KNOLL, Judge.
Defendant, Paul Dale Roberts, Jr., was convicted in a trial by jury of aggravated battery, a violation of LSA-R.S. 14:34. Defendant was sentenced to serve ten years at hard labor, the maximum penalty provided for aggravated battery. Defendant relies upon two assignments of error to set aside his sentence: (1) the trial judge erred in not following the guidelines as established by Article 894.1 of the Code of Criminal Procedure; and (2) the trial court erred by imposing the maximum sentence of ten years at hard labor, which sentence is excessive and amounts to cruel and unusual punishment. We affirm, finding that the record clearly illuminates and supports the sentencing choice.
In the early morning of January 30, 1983, defendant and David Gaspard, the victim, began fighting at Oscar’s Lounge in downtown Lake Charles, but were ejected before the altercation became too involved. Defendant was escorted out of the front door and the victim through the rear exit. The defendant went to his automobile, obtained a baseball bat, and sought out Gas-pard. Defendant then repeatedly struck Gaspard with the baseball bat, leaving him lying semiconscious on the sidewalk. Officers of the Lake Charles Police Department on routine patrol later found Gaspard in the same condition and location where defendant left him. Gaspard was hospitalized and remained in a coma for over two weeks and has no recollection of the beating. The medical evidence shows that Gas-pard suffered a fractured skull, broken left arm, broken fingers on his right hand, and multiple fractures of the ribs and several vertebrae.
LSA-C.CR.P. ART. 894.1 AND EXCESSIVENESS
Wide discretion is given the sentencing judge in imposing a sentence within *1009 the statutory limits. State v. Square, 433 So.2d 104 (La.1983). A sentence within the statutory limits should not be set aside as excessive in the absence of a manifest abuse of the sentencing judge’s discretion. State v. Griffin, 455 So.2d 681 (La.App. 2nd Cir.1984). A sentence is constitutionally excessive if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
LSA-C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). Even though the sentencing court does not need to articulate every aggravating and mitigating circumstance contained in C.Cr.P. Art. 894.1, the record must reflect that adequate consideration was given to these codal guidelines in particularizing defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983). The sentencing court’s failure to adequately comply with C.Cr.P. Art. 894.1 does not necessitate the invalidation of a sentence or warrant a remand for resentencing if the record clearly illuminates and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983).
In imposing sentence, the sentencing court explained:
“The facts disclosed in trial indicate that the Defendant sustained a minor battery at the hands of what was later his victim, and that this so infuriated the Defendant that he went to his automobile and got a baseball bat, searched out the other party, whom he located about a block from where the initial minor incident had occurred, and proceeded to beat him with that baseball bat to the point of death. In my opinion, the Defendant could have as easily been convicted of attempted murder in this case, as he was convicted of aggravated battery. And it’s only by the fortuitous coincident of a city police officer happening by the scene where the victim was left on the ground by the Defendant, shortly thereafter, which helped to save his life, otherwise, the Defendant would likely have been tried for murder in the second degree. This is a crime of such violence and brutality the the [sic] Court cannot consider a probated sentence. I can imagine no factual situation which would fit under the provisions of the aggravated battery statute in a more extreme manner. The legislature has provided a maximum sentence of ten years imprisonment at hard labor for this offense, and I will impose the maximum sentence in this case based on the facts. ”
During the sentencing hearing there was no indication that the sentencing court considered mitigating circumstances as required by Art. 894.1(B). However, after a careful review of the record, we find that the record clearly illuminates and supports the sentencing choice. State v. Jett, 419 So.2d 844 (La.1982).
Defendant’s aggravated battery upon the victim was unprovoked. Defendant, after being thrown out of the bar, immediately went to his car, armed himself with a baseball bat, and went looking for Gaspard. Upon finding Gaspard, defendant repeatedly struck him although Gaspard made no attempt to ward off the blows. Defendant’s criminal conduct was violent and unjustified. The conduct of the victim did not induce the commission of the crime. Although the psychiatric testimony failed to establish defendant’s inability to distinguish right from wrong, it clearly established that defendant’s criminal conduct was likely to recur, with little provocation needed. These considerations, coupled with the extreme brutality and the senseless nature of the crime, clearly outweigh defendant’s lack of prior felony convictions, and fully supports the sentencing choice by the sentencing court. '
For the foregoing reasons the sentence of the defendant, Paul Dale Roberts, Jr. is affirmed.
AFFIRMED.