649 So.2d 1227 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
James J. KITCHEN, Defendant-Appellant.
No. CR94-900.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1995.
*1228 Cynthia Skerrett Killingsworth, Paul Peter Reggie, for State of Louisiana.
John Lavern, for James K. Kitchen.
Before KNOLL, SAUNDERS and AMY, JJ.
AMY, Judge.

FACTS
On April 10, 1993, the defendant, James J. Kitchen, and his girlfriend, Terry Lee Grayson, had an argument at the Bayou Gold Restaurant in Vinton, Louisiana. Ms. Grayson left the restaurant and returned home. Later that evening, the defendant arrived at the house where he and Ms. Grayson resided. The defendant awoke Ms. Grayson from bed, held a knife to her throat, threatened to kill her, and then cut her throat. Ms. Grayson fled to a neighbor's home and called the Calcasieu Parish Sheriff's Office. She sought medical treatment for her injuries, and received six stitches for the gash on her neck. The defendant was charged by bill of information with one count of attempted second degree murder, in violation of LSA-R.S. 14:27 and 14:30.1. He entered into a plea agreement with the State and pled guilty to aggravated battery. On August 20, 1993, the trial court sentenced the defendant to ten years at hard labor. After the defendant's motion to reconsider his sentence was denied by the district court, he perfected this appeal.

ASSIGNMENTS OF ERROR
The defendant has alleged six assignments of error with respect to his sentence:
1. The sentence imposed is cruel, unusual and excessive in that it constitutes a needless infliction of punishment exceeding the guidelines for sentencing.
2. The reasons for the sentence imposed herein were not adequately articulated by the court in an instance where the court felt compelled to deviate from the range of sentences suggested by the Louisiana Sentencing Guidelines, by sentencing the defendant to a term of incarceration significantly in excess of the appropriate grid level.
3. The court improperly found the existence of numerous aggravating circumstances.
4. The "aggravating" circumstances found by the court were erroneously applied and in fact were circumstances unrelated to the actual offense committed.
5. The court failed to properly consider certain mitigating circumstances which were urged by counsel for the defendant.
6. There is in this case absolutely no justifiable basis for an upward departure from the sentencing guidelines and the court should therefore reconsider the sentence imposed and vacate said sentence and resentence the defendant pursuant to Louisiana Sentencing Guidelines.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
In the first assignment of error, the defendant claims that his sentence is excessive *1229 because it exceeds the recommendation of the Sentencing Guidelines. Recently, the Louisiana Supreme Court held in State v. Smith, 93-0402, p. 3 (La. 7/5/94), 639 So.2d 237, 240:
(1) [W]hile a trial court must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
Under Smith, we must first ascertain whether the Sentencing Guidelines were considered by the trial court. The record during the sentencing hearing indicates that the trial court specifically stated that grid cell 2E was the suggested sentence for defendant under the Guidelines. Thus, the first requirement of Smith has been met.
Once we conclude that the trial court considered the Guidelines, we must then determine whether the trial judge adequately stated the factual basis for the sentence and the factors that he weighed in fashioning the sentence. At the defendant's sentencing hearing, the trial court stated that it believed the defendant was impaired by alcohol at the time of the offense, which it considered to be a mitigating factor. However, relying on pictures of the victims wounds, the court opined that the defendant had stroked his knife against the victim's throat three times and "probably deliberately" before he actually cut her throat. Since the trial court specifically noted that the defendant's presentence report revealed that the defendant had four different DWI convictions, "a continuous drinking problem," and had seriously abused his first wife, the victim, and other women with whom he has been involved, the record clearly reflects that the trial court considered the defendant's presentence report in fashioning the sentence. The record further indicates that the trial court considered the fact that the defendant's victim was pregnant at the time of the offense as an aggravating factor. Based on these factors, the trial court departed upward from the Guidelines and sentenced the defendant to ten years at hard labor. Since the trial court stated the factual basis for the defendant's sentence and the factors that he weighed in fashioning the sentence, we conclude that the trial judge complied with the requirements of Smith. Once satisfied that the trial court complied with the mandates of Smith, this court's review of the defendant's sentence is limited to considering whether it is constitutionally excessive. The Louisiana Supreme Court has held that "a sentence is excessive and unconstitutional if the penalty is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering." State v. Bonanno, 384 So.2d 355, 357 (La. 1980). To determine whether a sentence is excessive, the Louisiana Supreme Court has instructed us to "consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime as to shock our sense of justice." Bonanno, 384 So.2d at 358.
In State v. Roberts, 463 So.2d 1007, 1008 (La.App.3d Cir.1985), writ denied, 494 So.2d 322 (La.1986), the statutory maximum sentence of ten years at hard labor was imposed for one count of aggravated battery. Although the defendant had no prior felony convictions, this court determined that the sentence was not excessive: "[D]efendant's criminal conduct was violent and unjustified. The conduct of the victim did not induce the commission of the crime ... [D]efendant's criminal conduct was likely to recur, with little provocation needed. These considerations, coupled with the extreme brutality and the senseless nature of the crime, clearly outweigh defendant's lack of prior felony convictions." Roberts, 463 So.2d at 1009. In *1230 State v. Calloway, 432 So.2d 1064, 1065 (La. App.3d Cir.1983), the defendant, who had originally been charged with attempted second degree murder, pled guilty to the lesser charge of aggravated battery. As in the instant case, the defendant, who had no prior felony convictions, had been drinking when with little provocation he shot a man. Nevertheless, this court affirmed a seven year sentence, because it agreed with the trial court's conclusion that a lesser sentence would deprecate the seriousness of the crime. We there stated that "[s]uch a needless shooting warrants serious punishment." Calloway, 432 So.2d at 1067.
In the instant case, defendant awoke his victim from bed, held a knife to her throat, threatened to kill her, and slashed her throat. At the sentencing hearing the trial court determined that defendant should be incarcerated because he had a serious drinking problem and posed a threat to society. Defendant's crime was a violent and serious offense and his attack on the victim was unprovoked. In light of these considerations, we hold that the sentence imposed on defendant was not grossly out of proportion to the severity of the crime, even though this is his first felony conviction. Thus, assignments of error one and two lack merit.

ASSIGNMENTS OF ERROR NOS. 3-6
Defendant concedes that Smith permits a trial court to reject the Guidelines; however, he contends that if the trial court decides to use the Guidelines, then it must consider only the aggravating factors that are listed in them. Defendant contends that the trial judge manifested an intent to utilize the Guidelines and that the trial court erred because it did not limit its consideration to the aggravating factors listed in the Guidelines. In the foregoing paragraphs, we concluded that the trial court complied with the mandates of Smith and that defendant's sentence was not constitutionally excessive. For the same reasons, we hold that assignments of error three through six lack merit. As the Fourth Circuit recently stated: "Under Smith, the trial judge has `complete discretion to reject the Guidelines,' which means that the suggested sentence may be ignored, as well as the listed aggravating and mitigating factors. As long as the trial judge considers the Guidelines and states the considerations and basis for the sentence, appellate review is limited to constitutional excessiveness." State v. Wise, 93-0105, p. 5-6 (La. App. 4th Cir. 9/29/94), 644 So.2d 230, 234.

ERRORS PATENT
Pursuant to Article 920 of the Code of Criminal Procedure, we have reviewed the record for errors patent, and find none.

DECREE
For the reasons assigned, defendant's sentence is affirmed. Costs of this appeal are assessed to the defendant.
AFFIRMED.