716 So.2d 422 (1998)
STATE of Louisiana
v.
Gerald DRUILHET.
No. 97 KA 1717.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
James R. McClelland, Franklin, for StateAppellee.
Edward B. Jones, Franklin, for DefendantAppellant.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
FOGG, Judge.
The defendant, Gerald Druilhet, was charged by bill of information with aggravated battery, a violation of LSA-R.S. 14:34. He pled not guilty and, after trial by jury, was found guilty of the responsive offense of second degree battery, a violation of LSAR.S. 14:34.1. He received a sentence of five years at hard labor. On appeal, the defendant alleges as his sole assignment of error *423 that the evidence was insufficient to support the instant conviction.

FACTS
On March 22, 1996, Lieutenant Calvin Cerf of the Baldwin Police Department responded to an automobile accident on Rosebud Street in Baldwin, Louisiana. Shortly after the accident, a fight broke out between the defendant and his brother, Derrick Druilhet. The two brothers were separated, and the defendant was escorted to a patrol unit in order to keep the two brothers separated. At some point, however, while Lt. Cerf was engaged in a conversation with Derrick, the defendant exited the police unit, approached Lt. Cerf and Derrick, and struck Lt. Cerf on the right side of his head.
The blow caused Lt. Cerf to fall to the ground. His right eye was seriously injured. Lt. Cerf was transported to a local hospital and then transferred to Lafayette General Hospital. Despite surgery, Lt. Cerf eventually lost his right eye. In subsequent statements, the defendant expressed regret over Lt. Cerf's injury. The defendant also explained that he did not intend to hit Lt. Cerf. Instead, he intended to hit his brother Derrick.

ASSIGNMENT OF ERROR
In his only assignment of error, the defendant contends that the evidence was insufficient to support the instant conviction.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime and the defendant's identity as the perpetrator of that crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. Johnson, 461 So.2d 673 (La.App. 1 Cir. 1984). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251 (La.App. 1 Cir.), writ denied, 532 So.2d 130 (La.1988).
LSA-R.S. 14:34.1 provides, in pertinent part:
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
The injury suffered by the victim clearly was within the definition of serious bodily injury. The victim has lost an eye as a result of the blow delivered by the defendant.
Second degree battery is a specific intent offense. State v. Daigle, 439 So.2d 595 (La.App. 1 Cir.1983). Specific intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. LSA-R.S. 14:10(1). Specific intent may be proved by direct evidence, such as statements by a defendant, or by inference from circumstantial evidence, such as a defendant's actions or facts depicting the circumstances. State v. Johnson, 461 So.2d 1273 (La.App. 1 Cir. 1984).
In his brief to this court, the defendant does not deny that he was involved in a fight with his brother. Instead, he contends that he lacked the intent necessary for a conviction of second degree battery. Initially, there was some question as to who struck the victim. Apparently, the victim originally believed he had been hit by the defendant's brother Derrick. However, the defendant's subsequent statements after the fight expressing regrets over the victim's serious injury, and his explanation that he actually intended to hit his brother rather than the victim, clearly established his identity as the *424 perpetrator. As for the question of intent, he implies in his brief that because he simply meant to hit his brother and did not intend to hit, much less inflict serious injury upon, the victim, the state failed to prove beyond a reasonable doubt the necessary intent to support a conviction of second degree battery.
Although the defendant objected at trial to the state's theory of transferred intent, he does not now mention this theory in his brief. Under this theory, if the defendant possessed the necessary intent to inflict serious bodily injury when trying to hit his brother Derrick, but he missed and accidentally hit someone else instead, such intent is transferred to the actual victim. See State v. Johnson, 29,629 (La.App. 2 Cir. 8/20/97); 698 So.2d 1051; State v. Jasper, 28,187 (La.App. 2 Cir. 6/26/96); 677 So.2d 553, writ denied, 96-1897 (La.2/21/97); 688 So.2d 521.
As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31 (La.App. 1 Cir.1984). Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d at 38.
The state's theory of the case was that the defendant's three-finger ring was a dangerous weapon which caused the injury to Lt. Cerf's eye. The guilty verdict returned in this case indicates that the jury rejected aggravated battery (apparently rejecting the presence and/or use of a dangerous weapon) but clearly determined that the defendant struck the blow which injured the victim and that he intended serious bodily injury to result therefrom, despite the fact that the blow might have been intended for Derrick. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finders's determination of guilt. State v. Creel, 540 So.2d 511 (La.App. 1 Cir.), writ denied, 546 So.2d 169 (La.1989).
Regardless of who was the intended victim, the defendant's blow either contained such force, or was delivered while wearing the three-finger ring in such a manner, that it caused a serious injury ultimately resulting in the victim losing an eye. Under these circumstances, we find the state proved the defendant possessed the specific intent necessary to support a conviction of second degree battery.
After a careful review of the record, we conclude that a rational trier of fact, viewing all of the evidence as favorable to the prosecution as any rational fact finder can, could have concluded that the state proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of second degree battery. Therefore, this assignment of error is meritless.
For the forgoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.