746 So.2d 118 (1999)
STATE of Louisiana, Plaintiff,
v.
Garland MILLER, Jr., Defendant-Appellant.
No. 98-1873.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
Don M. Burkett, for State of Louisiana.
William Daniel Dyess, Many, for Garland D. Miller, Jr.
Before THIBODEAUX, PETERS, and GREMILLION, Judges.
*119 GREMILLION, Judge.
In this case, the defendant, Dr. Garland D. Miller, Jr., was found guilty of simple battery, a violation of La.R.S. 14:35, was fined $250.00, and placed on unsupervised probation for six months. In addition to the ordinary conditions of probation, he was ordered to provide medical services to the battered women's shelter. Defendant was originally before this court on writ of certiorari, seeking review of his conviction for simple battery. We granted the writ and made it peremptory, finding his actions constituted the reasonable discipline of his daughter under La.R.S. 14:18(4). Accordingly, we reversed his conviction, vacated and set aside his sentence, and ordered an acquittal be entered into the record. State v. Miller, an unpublished writ bearing docket number 98-1873 (La. App. 3 Cir. 1/14/99). We denied the State's application for rehearing. The State subsequently sought review from the supreme court by filing an application for writ of certiorari and review. In response, the supreme court granted the writ and remanded the case to this court for briefing, argument, and full opinion. State v. Miller, 99-0726 (La.4/30/99); 741 So.2d 3. After a thorough review of the record, we reverse our original position and affirm the trial court.

DISCUSSION
In his lone assignment of error, Defendant contends there was insufficient evidence for the trial court to find that he was not justified in restraining his daughter and that he was not guilty of simple battery. He argues that he was justified under La.R.S. 14:18(4) in taking appropriate action to properly discipline his child.
Battery is defined as "the intentional use of force or violence upon the person of another." La.R.S. 14:33. Simple battery is defined as "a battery committed without the consent of the victim." La.R.S. 14:35. The crime of simple battery requires only general criminal intent. La.R.S. 14:10; La.R.S. 14:35; State v. Comeaux, 249 La. 914, 192 So.2d 122 (1966). General criminal intent is present "when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." La.R.S. 14:10(2). Accordingly, the State was required to prove that Defendant intentionally used force or violence upon his daughter without her consent. State v. Hernandez, 96-115 (La.App. 4 Cir. 12/18/96); 686 So.2d 92.
However, an offender's conduct is "justifiable, although otherwise criminal," when the "offender's conduct is reasonable discipline of minors by their parents." See La.R.S. 14:18(4). "Since `justification' defenses are not based on the nonexistence of any essential element of the offense, but rather on the circumstances which make the accused's conduct excusable on policy grounds, such defenses should be treated as affirmative defenses which the accused must establish by a preponderance of evidence." State v. Cheatwood, 458 So.2d 907, 910 (La.1984).
There is substantial conflicting evidence in this case, however our review of the record reflects that on September 2, 1997, Elizabeth Miller, the adopted daughter of Defendant, was in the kitchen when he arrived home. Clearly, Defendant had been drinking, but it is disputed as to whether he was intoxicated. An argument began and escalated to Defendant scolding Elizabeth regarding her dating habits and her refusal to call him "Sir." Defendant also made disparaging remarks about Elizabeth's natural father. Elizabeth, in response, cursed Defendant. This confrontation led to Defendant slapping Elizabeth in the face twice with his open hand. Mrs. Miller, Elizabeth's mother and Defendant's wife, broke up the altercation, and Elizabeth was sent upstairs.
Minutes later, a second altercation occurred upstairs in Elizabeth's bedroom. Again, Defendant berated Elizabeth for *120 her disobedience in refusing to end a phone conversation with a person of whom Defendant disapproved. Mrs. Miller also broke up this second altercation. Shortly thereafter, the family went downstairs, and the argument resumed. During this argument, words were exchanged between Defendant and Elizabeth, leading to more physical contact between the two. Eventually, Elizabeth ran outside and away from the house. Having no place to go, Elizabeth returned up the driveway where she again confronted Defendant who had also gone outside. At this point, Elizabeth uttered obscenities to Defendant and the confrontation again became physical. Defendant eventually pinned Elizabeth down in the driveway and began choking her. During this final altercation, Mrs. Miller called the police from a neighbor's phone. The Sabine Parish Sheriffs Department arrived shortly thereafter.
Based on evidence gathered at the scene, Defendant was arrested for simple battery. Elizabeth suffered several knots on her head and forehead, bruises on her body, and scratches on her throat. At some point during the various altercations, Defendant's hand was broken from a blow he received during one of the altercations.
In support of Defendant's position, testimony established that Elizabeth was a problem child who had engaged in interracial sex and drug use, and had regular confrontations with Defendant. Further, on the night in question, Elizabeth not only cursed Defendant but also threatened him with bodily harm.
Since it is not contested that Defendant committed simple battery upon Elizabeth, the issue we must resolve is whether Defendant proved by a preponderance of the evidence that his actions constituted reasonable discipline. This is a very close case, particularly in light of the conflicting testimony and especially considering the lower burden of proof required to show reasonable discipline. Based on its written reasons, the trial court apparently believed Elizabeth's testimony regarding the slapping and choking by her father and disagreed with Defendant that such actions were justified as a reasonable form of discipline. The trial court wrote:
Had this confrontation ended before the choking incident outside, this Court would have found Dr. Miller not guilty on this charge, also. However, this Court believes that the choking of his daughter was not "reasonable discipline" and that Dr. Miller was not justified in choking her. Accordingly, Dr. Miller is found guilty of simple battery of Elizabeth Miller.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). The role of the factfinder is to weigh the respective credibility of each witness. Therefore, the appellate court should not second guess the credibility determinations of the factfinder beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, 436 So.2d 559, citing State v. Richardson, 425 So.2d 1228 (La.1983).
Testimony on both sides reveals that this relationship was volatile. There was constant rebellion and disregard for discipline. However, rebellion and a lack of respect are not sufficient reasons for a parent to discipline his child in any way he sees fit. In State v. Bell, 94-742 (La.App. 3 Cir. 12/7/94); 647 So.2d 498, we considered whether a father who whipped his fifteen year old son with a stick, one inch in diameter by two feet long, was guilty of aggravated battery. The father's defense was justification, as in the instant case. *121 We affirmed the jury's finding that the father's actions did not constitute reasonable discipline of a child. Although the injuries in Bell were substantially more severe than in this instance, the principle of law is the samea parent is justified in disciplining (battering) his child only when the discipline is reasonable. Whether the amount or type of discipline is reasonable is a matter left to the factfinder, whose findings we will not disturb if, in the light most favorable to the prosecution, the factfinder could not have rationally found the elements of the crime proven beyond a reasonable doubt. We cannot say that the trial court committed error in finding sufficient evidence to prove that Defendant committed simple battery upon his daughter when he restrained her and choked her outside of their residence. Accordingly, we find no merit in Defendant's assignment of error and deny his writ application at his costs.
WRIT DENIED.