hDECUIR, Judge.
Defendant, P.M., was charged by Bill of Information with two counts of aggravated second degree battery under La.R.S. 14:34.7, two counts of simple battery under La.R.S. 14:35, and one count of aggravated assault under La.R.S. 14:37. After a jury trial on the two counts of aggravated second degree battery, Defendant was convicted and sentenced to twelve and one-half years at hard labor on each count, the sentences to run concurrently. Defendant was also fined $7,500.00 on each charge. The State’s motion to nolle prosequi the charges of simple battery and aggravated assault was granted by the trial court, and Defendant’s motion for reconsideration of sentence was denied. This appeal followed.
The evidence in the record shows that on December 8, 1999, Defendant splashed hot grease on two of his minor children. The incident occurred during the course of an argument between Defendant and the children’s mother. He had threatened to throw the grease on her, but when she moved out of the way, the grease splashed on the children whom she did not realize were close by. As a result, both children sustained burns on different parts of their bodies. P.V., who was nine years old at the time, received first degree burns on his right arm. Two-year-old J.M. sustained second degree burns over his left eye and on the side of his face and neck. Another child, Ki.V., who was thirteen years old at the time of the incident, witnessed these events and contacted the police after the children were hurt.

ASSIGNMENT OF ERROR NO. 1:

Defendant first contends that the evidence presented by the State was insufficient to convict him of aggravated second degree battery. In reviewing the sufficiency of the evidence, this court applies *859 the standard established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
|2When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). The role of the fact finder is to weigh the respective credibility of each witness. Therefore, the appellate court should not second guess the credibility determinations of the factfinder beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, 436 So.2d 559 (La.1983), citing State v. Richardson, 425 So.2d 1228 (La.1983).
State v. Miller, 98-1873, p. 5 (La.App. 3 Cir. 10/13/99); 746 So.2d 118, 120, writ denied, 99-3259 (La.5/5/00); 761 So.2d 541.
La.R.S. 14:34.7 defines aggravated second degree battery as follows:
A. (1) Aggravated second degree battery is a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury.
(2) For purposes of this Section, “serious bodily injury” means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
In the instant appeal, Defendant raises two issues in his sufficiency argument. The first issue is that the State did not present sufficient evidence to satisfy the element of intent under La.R.S. 14:34.7. Defendant argues that the element of intent is not satisfied because he did not intend to injure the victims.
This court addressed the issue of intent in State v. Robertson, 98-883 (La.App. 3 Cir. 12/9/98); 723 So.2d 500, writ denied, 99-0658 (La.6/25/99); 745 So.2d 1187. In Robertson, the defendant appealed his conviction for second degree battery. In determining intent, this court stated the following:
Second degree battery is a crime of specific intent. State v. Fuller, 414 So.2d 306 (La.1982). La.R.S. 14:10 defines specific criminal intent as “that state of mind which exists when the | scircumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” Thus, a specific criminal intent need not be proven as fact but may be inferred from the circumstances of the case and actions of the defendant.
Id. at 504 (citations omitted).
Although a conviction under La. R.S. 14:34.7 requires a finding of specific intent, the statute does not absolve from guilt an offender who unintentionally injures someone while specifically intending and physically attempting to injure another person. Consequently, even if the evidence proves that Defendant did not specifically intend to injure P.V. and J.M., a lack of specific intent to injure them is not a basis to reverse the convictions for aggravated second degree battery in the case at bar. Louisiana courts have held that under the doctrine of transferred intent, a defendant can be convicted for the unin *860 tentional injury of one person if he specifically intended to injure someone else.
This court addressed the issue of transferred intent in State v. Wright, 99-1137, p. 11 (La.App. 3 Cir. 3/1/00); 758 So.2d 301, 307:
[U]nder the theory of transferred intent, if the defendant possessed the necessary intent to inflict serious bodily injury when trying to hit his brother, but missed and accidentally hit someone else instead, such intent is transferred to the actual victim. See also State v. Johnson, 29,629 (La.App. 2 Cir. 8/20/97); 698 So.2d 1051; State v. Jordan, 97-1756 (La.App. 4 Cir. 9/16/98); 719 So.2d 556, writ denied, 98-2595 (La.1/15/99); 736 So.2d 207. Thus, if the Defendant had the specific intent to stab Searile with the scissors, and inadvertently stabbed Pickney, then the Defendant possessed the necessary intent for the conviction of the second degree battery of Pickney.
In the present case, Ki.V. testified to the sequence of events leading up to the time that the victims were hit with the hot grease. Although she initially testified at the trial that Defendant did not intend to hit the victims’ mother with the hot grease, Ki.V. ultimately stated that on the night of the incident, Defendant came home drunk and instigated an argument with her mother, Ka.V., who was frying chicken at the Ltirne. In the heat of the argument, Defendant intentionally threw the frying pan toward Ka.V. The hot grease missed Ka.V. but hit the two children and burned them.
Both Ka.V. and the older victim, P.V., gave statements to investigating authorities which corroborated Ki.V.’s testimony, although at trial, both witnesses tried to exculpate P.M., calling the incident an accident. Defendant testified on his own behalf also characterizing the events of December 8, 1999, as an accident. In brief, he argues that the frying pan still contained over an inch of grease when the police officers arrived on the scene, which proves that only an accident occurred. There was other evidence, however, that the pan was five to six inches deep and grease was found on the wall and counters, as well as what was spilled on the children.
This court does not determine the credibility of the witnesses, but defers to the factfinder to make credibility determinations. See Miller, 746 So.2d 118.
The evidence in the record supports the jury’s inference that Defendant intentionally threw the pot of hot grease at Ka.V. with the specific intent to injure her. Thus, even though Ka.V. did not sustain injuries, and Defendant did not intend to hit the children with the hot grease, there is evidence of an intent to inflict bodily injury as required under La.R.S. 14:34.7. This was sufficient to convince the jury beyond a reasonable doubt that Defendant possessed the specific criminal intent required under La.R.S. 14:34.7.
Defendant next argues that the evidence was insufficient to show that the children sustained serious bodily injuries as defined in La.R.S. 14:34.7. The statute defines a serious bodily injury as an injury that “involves - unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or Isimpairment 0f the function of a bodily member, organ, or mental faculty, or a substantial risk of death.” La.R.S. 14:34.7 (emphasis added).
Defendant contends that the victims did not experience extreme pain, have not suffered from any permanent disfigurement or impairment, and were not at risk of death. This argument lacks merit. During the trial, the State offered evidence of the seriousness of the victims’ injuries through the testimony of the physician who treated both children in the emergen *861 cy room on the night of the incident. The doctor testified that victims of burns generally tend to suffer more pain than victims of other injuries. He also testified that grease burns are the worst type of burns. In his opinion, J.M. was in shock from the trauma; his respiratory rate and heart rate were both higher than what they should have been.
Additionally, on the issue of disfigurement, it was reasonable for the jury to conclude that the children suffered protracted and obvious disfigurement' as a result of their burn injuries. Discoloration of the skin was present on both children at the time of the trial, which was held more than seven months after the incident.
We conclude there was sufficient evidence to convince the jury beyond a reasonable doubt that Defendant possessed the intent necessary to satisfy that element under La.R.S. 14:34.7. In addition, there was sufficient evidence to convince the jury beyond a reasonable doubt that the injuries sustained by the children are “serious bodily injuries” as per the statute.

ASSIGNMENT OF ERROR NO. 2:

Defendant’s second assignment of error is that the sentence imposed by the trial court was excessive and should be reversed. Specifically, Defendant argues that the length of the sentence is not proportionate to the crime for which he was 1 ^convicted. He further argues that the sentence should have been shorter because no one was killed or seriously injured.
The trial court sentenced Defendant to concurrent terms of twelve and one-half years of hard labor and fined him $7,500.00 for each count of aggravated second degree battery. The maximum sentence allowed under La.R.S. 14:34.7 is fifteen years of imprisonment with hard labor and a fine of $10,000.00. La.R.S. 14:34.7(B). Thus, the trial judge imposed upper range sentences.
Defendant’s oral motion for reconsideration did not set forth any specific grounds to support his claim of an excessive sentence, and he did not file a written motion for reconsideration. Thus, this court is presented with a bare claim of exeessiveness. A sentence is considered to be excessive if “the penalty is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain' and suffering.” State v. Kitchen, 94-900, p. 3 (La.App. 3 Cir. 2/1/95); 649 So.2d 1227, 1229, writ denied, 95-0537 (La.6/23/95); 656 So.2d 1012, citing State v. Bonanno, 384 So.2d 355, 357 (La.1980).
In State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957, 959; cert, denied, 96-6329 (12/16/96); 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539, the Louisiana Supreme Court stated:
The only relevant question on review, however, was “whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.” State v. Humphrey, 445 So.2d 1155, 1165 (La. 1984) (citing State v. Williams, 412 So.2d 1327 (La.1982)).
In the present case, the judge based Defendant’s sentence on the presentenc-ing investigation report which showed a history of violent behavior: twenty-five prior arrests for assault and battery, including a battery on the victims’ mother, Ka.V., to which he pled guilty in 1992. While the trial judge did not mention alcohol abuse as a contributing factor to Defendant’s behavior in this case, he noted that Defendant [7had three prior convictions for driving while intoxicated. He stated that Defendant’s past record shows that he is a violent person with no regard for the life and safety of others. In addition, the trial judge considered the age of *862 the victims and the circumstances surrounding the incident. In particular, he stated that the use of hot grease to injure another person was “barbaric,” caused the victims’ extreme pain, and could have blinded or permanently disfigured them. He concluded that a lighter sentence would not deter Defendant from committing similar crimes in the future and would deprecate the seriousness of the offenses.
We agree with this analysis and affirm both the conviction and sentences imposed on P.M.
AFFIRMED.