McClendon, j.
| gThis appeal challenges a trial court’s ruling that a teacher, who was struck by a punch thrown by one of two fighting students while he attempted to break up their fight, was not the victim of an “assault or battery by any student or person” and thus was not entitled to the highest level of sick leave benefits provided for in La. R.S. 17:1201(C). We reverse.
BACKGROUND
On August 20, 2004, John Stoshak, a teacher at Istrouma High School in Baton Rouge, was injured when he attempted to break up a fight between two of his students. During the course of the students’ fistfight, one of the punches struck Mr. Stoshak in the back of the head, causing him to fall to the ground and lose consciousness.
Mr. Stoshak’s employer, the East Baton Rouge Parish School Board (Board), placed Mr. Stoshak on leave without reduction in pay for a period of one year following the incident in accordance with La. R.S. 17:1201(C)(l)(b)(i). When it became clear that the Board would not pay benefits for more than a year after the incident, Mr. Stoshak filed this lawsuit against the Board, seeking a declaration of his right and status to benefits under La. R.S. 17:1201(C). Mr. Stoshak urged that because he was injured as a result of an “assault or battery by any student or person,” he was entitled to leave without reduction in pay for the duration of his disability in accordance with La. R.S. 17:1201(C)(l)(a).
Mr. Stoshak and the Board filed cross motions for summary judgment on the issue of the proper sick leave provision to be applied under the facts of this case. Louisiana Revised Statute 17:1201(0) provides two different sick leave pay provisions for public school teachers who sustain injuries on the job, depending on the cause of the injury. Louisiana Revised Statutes lsl7:1201(C)(l)(a), commonly referred to as the “assault pay” provision states, in pertinent part:
Any member of the teaching staff of the public schools who is injured or disabled while acting in his official capacity as a result of assault or battery by any student or person shall receive sick leave without reduction in pay and without reduction in accrued sick leave days while disabled as a result of such assault or battery.
Louisiana Revised Statutes 17:1201(C)(l)(b)(i), commonly referred to as the “physical contact” provision states, in pertinent part:
Any member of the teaching staff of the public schools who while acting in his official capacity is injured or disabled as a result of physical contact with a student while providing physical assistance to a student to prevent danger or risk of injury to the student shall receive sick leave for a period up to one calendar year without reduction in pay and without reduction in accrued sick leave days while injured or disabled as a result of rendering such assistance.
The parties’ motions for summary judgment required a determination of whether Mr. Stoshak’s injures fell under the “assault pay” provision, which would entitle Mr. Stoshak to leave without reduction in pay for the duration of his disability, or the “physical contact” provision, pursuant to which Mr. Stoshak’s entitlement to leave *998 without reduction in pay would cease one year after the incident causing his injury, unless extended by the Board.
In support of their motions for summary judgment, the parties introduced Mr. Stos-hak’s affidavit and the transcript of a statement he made describing the incident to an insurance adjuster, the statements of Randy Orange and Wilbert Jordan, the students engaged in the fistfight, and the transcript of the students’ expulsion hearing. That evidence reveals that on the morning of August 20, 2004, Mr. Stoshak was teaching a group of pre-GED students when a fight erupted in his classroom between 17-year-old Jordan and 18-year-old Orange. Jordan was seated at a computer when 1 ¿Orange entered the classroom and punched him from behind. Jordan chased Orange into the hallway and the two began fighting. Mr. Stoshak attempted to break up the fight. During the course of the fight, a punch thrown by one of the boys hit Mr. Stoshak in the back of his head. Neither boy admitted to hitting Mr. Stos-hak. Mr. Stoshak stated that he did not believe either of the boys had punched him deliberately; rather, he got in the way of the fighting boys who, in his words, were “tearing] each other up.” Orange admitted that when Mr. Stoshak tried to break them up, they continued fighting. As a result of the incident, Orange was arrested and was expelled from the school.
The trial court granted the Board’s motion for summary judgment, concluding that Mr. Stoshak’s injuries fell under the “physical contact” provision of La. R.S. 17:1201, and dismissed Mr. Stoshak’s claim for continued benefits. This appeal, taken by Mr. Stoshak, followed.
DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether a summary judgment is appropriate. Fagan v. LeBlanc, 2005-1845, p. 6 (La.App. 1 Cir. 2/10/06), 928 So.2d 576, 581. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to summary judgment as a matter of law. Id.
In this case, the material facts are undisputed. Mr. Stoshak attested that he was hit in the head by a punch that was delivered by one of two students engaged in a fistfight. The Board did not introduce any evidence to controvert Mr. Stoshak’s version of the incident. Moreover, while there is no evidence to suggest that the student intended to punch Mr. Stoshak, it is | .^undisputed that the student who struck Mr. Stoshak intended to strike the other student and was physically attempting to injure the other student.
Louisiana Revised Statutes 17:1201(C) was thoroughly analyzed in the case of Boseman v. Orleans Parish School Board, 98-1415 (La.App. 4 Cir. 1/6/99), 727 So.2d 1194, writ denied, 99-0390 (La.4/1/99), 742 So.2d 554. Therein, the court observed that the statute provides for three levels or classifications of protection to public school teachers, resulting in increased benefits depending on the type of conduct that causes the injury to the teacher. The first level of protection is a general one that provides weekly wage benefits for a teacher who is injured or disabled while acting in his official capacity. La. R.S. 17:1201(D). The second level of protection, the “physical contact” provision, is a general provision, which applies in addition to the weekly wage benefit, if the injury or disability that occurs while the teacher is acting in his official capacity is caused by any type of physical contact with a student, accidental or intentional. The high *999 est level of protection afforded to teachers is contained in the “assault pay” provision, which gives the teacher additional compensation when the contact that causes the teacher’s injury is the result of an assault or battery. Boseman, 98-1415 at pp. 5-6, 727 So.2d at 1197.
The issue to be decided is not whether Mr. Stoshak’s injuries were caused by an assault or battery, as opposed to a physical contact, but whether his injuries were caused by a physical contact that was also an assault or battery. See Boseman, 98-1415 at p. 6, 727 So.2d at 1197. Mr. Stoshak contends the student who hit him committed an assault or battery as those terms are defined under Louisiana’s criminal and civil law, entitling him to benefits under the “assault pay” provision. The Board submits that the “assault pay” provision applies only when a teacher is the direct, targeted |Rvictim of an assault or battery by a student or other person, while the “physical contact” provision applies in all other circumstances where there is a mere physical contact with a student resulting in injury to the teacher. The Board contends that the “physical contact” provision applies in this case because it is undisputed that the student intended to cause harmful physical contact to the other student, but not to Mr. Stoshak.
We disagree with the Board’s narrow interpretation of La. R.S. 17:1201(C). It is well-settled that the starting point for the interpretation of any statute is the language of the statute itself. Fontenot v. Reddell Vidrine Water District, 2002-0439, p. 7 (La.1/14/03), 836 So.2d 14, 20. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law is applied as written, and no further interpretation may be made in search of legislative intent. La. Civ.Code art. 9. It is presumed that in enacting a law, the legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes. Fontenot, 2002-0439 at pp. 13-14, 836 So.2d at 24.
The term “assault” is defined in the criminal law as “an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery.” La. R.S. 14:36. The term “battery” is defined in the criminal law as the “intentional use of force or violence upon the person of another.” La. R.S. 14:33. Under the tort law, a battery has been defined as a “harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact.” Caudle v. Betts, 512 So.2d 389, 391 (La.1987).
In defining what type of conduct constitutes a battery, our courts have employed the doctrine of transferred intent. Under this theory, if a person intended to inflict serious bodily injury while trying to hit another person, |7but missed and accidentally hit someone else instead, such intent is transferred to the actual victim. State v. Druilhet, 97-1717, p. 4 (La.App. 1 Cir. 6/29/98), 716 So.2d 422, 424; see also State v. P.M., 2000-1613, p. 3 (La.App. 3 Cir. 5/2/01), 786 So.2d 857, 859-60 (stating that while a conviction of second degree battery requires a finding of specific intent, the statute does not absolve from guilt an offender who unintentionally injures someone while specifically intending and physically attempting to injure another person).
We must presume that in enacting La. R.S. 17:1201(C), the legislature was cognizant of the fact that our courts have interpreted the term “battery” to encompass an unintentional injury of one person if the person inflicting the injury specifically intended to injure someone else. The legislature authorized the highest level of *1000 benefits to a teacher injured as a result of “assault or battery by any student or person.” There is no language in this provision requiring that the teacher be the intended victim of an assault or battery, and we decline to read such a requirement into the statute.
Accordingly, we construe the benefits provided for in the “assault pay” provision to apply whenever the teacher is the victim of a battery at the hands of a student. The benefits provided for under the “physical contact” provision apply to injuries a teacher sustains when coming to the aid of a student that result from physical contacts that do not rise to the level of an assault or battery. See e.g. Garnier v. Orleans Parish School Board, 2001-0860 (La.App. 4 Cir. 7/31/02), 824 So.2d 1222, writ denied, 2002-2290 (La.11/15/02), 829 So.2d 433 (holding that the “physical contact” provision applied to injuries sustained by a teacher who fell to the ground when a student she was attempting to restrain from harming another student jerked away from her).
| ¡Applying this construction of the statute, we hold that as a matter of law, Mr. Stoshak is entitled to benefits under the “assault pay” provision of La. R.S. 17:1201(C)(l)(a). It is undisputed that the student who hit Mr. Stoshak committed a battery because he intended the physical act of throwing the punch, and he intended to injure another person by throwing the punch. Under the doctrine of transferred intent, the student who hit Mr. Stoshak while attempting to hit the other student is deemed to have had the requisite intent to commit a battery on Mr. Stoshak. Therefore, because Mr. Stoshak’s injuries resulted from a battery by a student, the Board was obligated to provide him with leave without reduction in pay for the duration of his disability.
CONCLUSION
For the foregoing reasons, we find that the trial court erred in granting the Board’s motion for summary judgment, and we reverse that ruling. We hereby grant summary judgment in favor of Mr. Stoshak, finding that his injuries fall under La. R.S. 17:1201(C)(l)(a). All costs of this appeal, in the amount of $504.17, are assessed to appellee, the East Baton Rouge Parish School Board.
REVERSED AND RENDERED.
PARRO, J., concurs.